UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| HEARTLAND CONSUMER PRODUCTS LLC, and TC HEARTLAND LLC, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) No. 1:17-cv-01035-SEB-TAB<br>) |
| DINEEQUITY, INC.,<br>APPLEBEE'S SERVICES, INC.,<br>IHOP FRANCHISING LLC,<br>INTERNATIONAL HOUSE OF<br>PANCAKES, LLC,<br>IHOP FRANCHISOR LLC,<br>APPLEBEE'S FRANCHISOR LLC, and<br>APPLEBEE'S RESTAURANTS LLC, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## ORDER ON MOTION TO DISMISS

This matter is before the Court on Defendants' DineEquity, Inc. ("DineEquity"), Applebee's Restaurants, LLC ("Applebee's"), Applebee's Services, Inc. ("Applebee's Services"), Applebee's Franchisor, LLC ("Applebee's Franchisor"), International House of Pancakes, LLC ("IHOP"), IHOP Franchising, LLC ("IHOP Franchising"), IHOP Franchisor, LLC ("IHOP Franchisor") (collectively, the "Defendants") Motion to Dismiss jointly filed pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 15. Defendants argue that Plaintiffs' Heartland Consumer Products LLC and TC Heartland LLC (collectively, "Heartland") Complaint alleging trademark infringement, false designation of origin, unfair competition, and trademark dilution should be dismissed because the yellow color used by Heartland for packaging its sucralose sweetener serves a functional

1

purpose and is therefore not protectable under trademark law. Dkt. No. 16 at 6-8. Additionally, Defendants contend that Heartland's Complaint warrants dismissal because Heartland failed to provide each of the Defendants sufficient notice of the claims asserted against them, as required by Federal Rule of Civil Procedure 8, and because several of the Defendants are improper parties to this litigation. Dkt. No. 16 at 8-14. Heartland opposes the Motion to Dismiss. Dkt. No. 19. For the reasons explained below, we **DENY** Defendants' Motion to Dismiss.

**Factual Background**

Splenda® is a sucralose-based sugar substitute that first became available in the United States in September 2000. Dkt. No. 1, ¶¶ 21-22. Within three years of its initial launch in the United States, Splenda® became the leading low-calorie sweetener in the retail and food service industries. Dkt. No. 1, ¶ 22. Today, Splenda® is available in more than 80 countries and is consumers' most preferred low-calorie sweetener in the United States. Dkt. No. 1, ¶ 22.

On September 25, 2015, Heartland purchased the Splenda® brand from McNeil Nutritionals, LLC, a subsidiary of Johnson & Johnson Consumer, Inc. Dkt. No. 1, ¶ 23. Through this transaction, Heartland acquired ownership of several standard character and design trademarks pertaining to the Splenda® brand that were either registered or pending registration through the United States Patent and Trademark Office ("USPTO") (the "Splenda Trademarks").[1] Dkt. No. 1, ¶ 29. Several of the design Splenda Trademarks

---

[1] Heartland's registered trademarks include Registration Numbers 1544079, 3346910, 4172135, 4165028, 43011712, 4172136, 4165029, 4122311, 4187229, 42002774,

2

specifically claim the well-known yellow background color used for packaging individual Splenda® packets as a protected trademark feature. Dkt. No. 1, ¶ 31; *Trademark Electronic Search System (TESS)*, United States Patent and Trademark Office (January 17, 2018, 3:47 AM), http://tmsearch.uspto.gov/bin/gate.exe?f=tess&state=4805:ah09k6.1.1.

DineEquity is a parent corporation that owns and operates Applebee's and IHOP restaurants. Dkt. No. 1, ¶¶ 11, 15. Before Heartland acquired the Splenda Trademarks, DineEquity purchased Splenda® through Diamond Crystal Brands, Inc. ("Diamond Crystal"), a distributor that received Splenda® directly from Johnson & Johnson, Inc. Dkt. No. 1, ¶ 35. At some point between 2009-2013, DineEquity stopped purchasing Splenda® from Diamond Crystal. Dkt. No. 1, ¶ 36. Instead, DineEquity began packaging a lower-quality sucralose sweetener made in China (the "Non-Splenda Sweetener") in yellow packets similar to those used for packaging Splenda® and distributed them to Applebee's and IHOP restaurants in their franchise network with the intent "to palm off the goodwill and association of the yellow packet" linked to genuine Splenda®. Dkt. No. 1, ¶¶ 37, 46.

In addition to distributing the Non-Splenda Sweetener packets to Applebee's and IHOP franchisee restaurants, Defendants allegedly misrepresented to the franchisee restaurants and their customers that the Non-Splenda Sweetener packets contained genuine Splenda®, thereby creating confusion among the Applebee's and IHOP customers. Dkt. No. 1, ¶¶ 37-41. As evidence of such confusion, Heartland received multiple reports from

---

4230392, 4238101, 4106164, 4664653, and 4744600. Dkt. No. 1, ¶ 29. Heartland also owns the trademarks with Serial Numbers 86865337, 87012521, and 87010504, which are currently pending registration before the USTPO. Dkt. No. 1, ¶ 29.

3

Applebee's and IHOP customers, complaining that they were unsure what sweetener they received while dining at Applebee's and IHOP restaurants and that they believe that Splenda® is of a lesser quality than they have come to expect after consuming the Non-Splenda Sweetener. Dkt. No. 1, ¶ 44.

Furthermore, Heartland conducted its own investigation into Defendants' misrepresentations relating to Splenda®. Dkt. No. 1, ¶ 45. Heartland hired investigators to travel to several randomly selected Applebee's and IHOP franchisee and corporate restaurants across the country. Dkt. No. 1, ¶ 45. While at the restaurants, the investigators asked the restaurant staffs for Splenda® and documented their responses. Dkt. No. 1, ¶ 45. In twenty of the twenty-eight Applebee's franchisee restaurants visited, and in twenty-six of the thirty-four IHOP franchisee restaurants visited, restaurant staff members affirmatively represented that the Non-Splenda Sweetener was actually Splenda®. Dkt. No. 1, ¶ 45. Additionally, the staffs from a majority of the corporate IHOP restaurants visited similarly represented that the Non-Splenda Sweetener was genuine Splenda®. Dkt. No. 1, ¶ 45.

On April 3, 2017, in light of the customer confusion created by Defendants' use of Non-Splenda Sweetener, Heartland initiated this action seeking damages and injunctive relief based on claims of trademark infringement, false designation of origin, unfair competition, and trademark dilution. *See generally*, Dkt. No. 1. In its Complaint, Heartland asserts that DineEquity, Applebee's, Applebee's Franchisor, IHOP, IHOP Franchising, and IHOP Franchisor (collectively, the "Franchisor Defendants") maintain "significant control" over the acts of their respective Applebee's and IHOP franchisee

restaurants. Dkt. No. 1, ¶¶ 11-16. The Complaint further alleges that Defendants infringed upon Heartland's trademark rights and misrepresented Non-Splenda Sweetener as Splenda® by providing Applebee's and IHOP customers with the yellow packets of Non-Splenda Sweetener without Heartland's authorization and without sufficient cues to distinguish it from Splenda®, causing customer confusion and false designation of origin. Dkt. No. 1, ¶¶ 51-56, 61-65, 69, 75-78, 83-85.

On August 17, 2017, Defendants filed their Motion to Dismiss Heartland's Complaint. Dkt. No. 15. Defendants argue that Heartland cannot maintain its trademark infringement claims against them because the yellow color used for packaging Splenda® is a functional feature signifying that it is a sucralose product and is not a protectable trademark feature. Dkt. No. 16 at 6-8. Defendants also contend that Heartland's Complaint fails to properly state claims against all of the Defendants because it refers to Defendants collectively and does not notify each of the Defendants as to their allegedly wrongful behaviors, as required by Federal Rule of Civil Procedure 8. Dkt. No. 16 at 8-9. Furthermore, Defendants claim that Applebee's Services and Franchisor Defendants are improper parties to this action because the Complaint does not adequately describe their involvement in the alleged infringement. Dkt. No. 16 at 10-14.

In response to Defendants' Motion to Dismiss, Heartland argues that its Complaint sufficiently meets the notice pleading standard of Rule 8 for its claims against each of the Defendants by alleging that Defendants participated in infringing activity and maintained control over its franchisees that misrepresented Non-Splenda Sweetener as Splenda®. Dkt. No. 19 at 6-10. Heartland further claims that its collective references to all of the

Defendants was necessary in light of Defendants' complex corporate structures and Heartland's lack of discovery to determine each Defendant's proper status in relation to its claims. Dkt. No. 19 at 10-16. Moreover, Heartland asserts that the use of color alone can be protected as a trademark and that Defendants' arguments regarding the functionality of the yellow packaging are premature at the motion to dismiss stage. Dkt. No. 19 at 16-21.

## **Standard of Review**

Defendants filed their Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). In this procedural context, we accept as true all well-pled factual allegations in the Complaint and draw all ensuing inferences in favor of the non-movant. *Lake v. Neal*, 585 F.3d 1059, 1060 (7th Cir. 2009). Nevertheless, the Complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," and its "[f]actual allegations must . . . raise a right to relief above the speculative level." *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (quotation marks and citations omitted). The Complaint must therefore include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see* Fed. R. Civ. P. 8(a)(2). Stated otherwise, a facially plausible complaint is one which permits "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## Legal Analysis

### I. Trademark Protection for Yellow Packaging

#### A. Applicable Law

"The Lanham Act gives a seller or producer the exclusive right to 'register' a trademark and to prevent his or her competitors from using that trademark." *Qualitex Co. v. Jacobson Prod. Co., Inc.*, 514 U.S. 159, 162 (1995) (internal citations omitted). Where a product's color comes to signify its brand and serves to identify and distinguish it from other products, that color alone may be protected as a trademark. *See id.* at 163-66 ("It would seem, then, that color alone … can meet the basic legal requirements for use as a trademark. It can act as a symbol that distinguishes a firm's goods and identifies their source, without serving any other significant function.").

However, a product's color cannot be protected as a trademark if it serves a functional purpose that would place competitors at a disadvantage by significantly hindering their ability "to replicate important non-reputation-related product features." *Id.* at 169-70. "A product feature is functional … 'if it is essential to the use or purpose of the article[,] if it affects the cost or quality of the article,'" or "if its exclusive use 'would put competitors at a significant non-reputation-related disadvantage.'" *Arlington Specialties, Inc. v. Urban Aid, Inc.*, 847 F.3d 415, 419 (7th Cir. 2017) (quoting *TrafFix Devices, Inc. v. Marketing Displays, Inc.*, 532 U.S. 23, 32-33 (2001)). A trademark's functionality "represents a fact-specific conclusion about whether aspects of a design are 'essential to the use or purpose of the article or if it affects the cost or quality of the article.'" *Specialized Seating, Inc. v. Greenwich Indust., LP*, 616 F.3d 722, 726 (7th Cir. 2010) (quoting *Inwood*

*Lab., Inc. v. Ives Lab., Inc.*, 456 U.S. 844, 855 n. 10 (1982)); *see also*, *Georgia-Pacific Consumer Prod. LP v. Kimberly-Clark Corp.*, 647 F.3d 723, 727 (7th Cir. 2001).

### B. Discussion

After careful review, we find no basis for dismissing Heartland's trademark claims based on the yellow color used to package Splenda® pursuant to Rule 12(b)(6). As stated in *Qualitex*, color alone can serve as a protectable trademark feature if it develops secondary meaning and does not serve a functional purpose that would place competitors at a non-reputational disadvantage. *See Qualitex*, 514 U.S. at 163-66. Furthermore, the functionality of a trademark presents a fact-specific question as to the use or purpose of the trademark's design. *See Specialized Seating*, 616 F.3d at 726. In their Motion to Dismiss, Defendants argue that the yellow color used to package Splenda® serves a functional purpose by differentiating the sweetener inside the packets as a sucralose-based sweetener as opposed to sugar or another low-calorie sweetener. Dkt. No. 16 at 7. However, such functionality is not supported by the factual allegations included within Heartland's Complaint. When viewing the Complaint's allegations as true and in a light most favorable to Heartland, one could reasonably infer that the yellow color used to package Splenda® serves no purpose other than to specifically signify its contents as Splenda® brand sweetener. See Dkt. No. 1, ¶¶ 31, 38, 45-46. Therefore, dismissal of Heartland's claims relating to the yellow color used for packaging Splenda® pursuant to Rule 12(b)(6) is unwarranted.

## II. Notice Pleading Standard for Multiple Defendants

### A. Applicable Law

Under Rule 8, a complaint is required to contain "a short and plain statement of claims that the pleader is entitled to relief'" in order "to put the defendant on notice as to the nature of the claim against him and the relief sought." *Twombly*, 550 U.S. at 574 (quoting Fed. R. Civ. P. 8(a)(2)). "[A] plaintiff is not required to include 'detailed factual allegations'" to comply with Rule 8 but must instead plead facts within its complaint "that are sufficient, when accepted as true, to 'state a claim to relief that is plausible on its face.'" *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (quoting *Twombly*, 550 U.S. at 570). "[T]he plausibility requirement demands only that a plaintiff provide sufficient detail 'to present a story that holds together.'" *Alexander*, 721 F.3d at 422 (quoting *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010)); *see also*, *Rebirth Christian Acad. Daycare, Inc. v. Brizzi*, 835 F.3d 742, 750 (7th Cir. 2016) (finding that letters attached to a complaint demonstrating a defendant's role in enacting a constitutional violation, coupled with the allegations within the complaint, plausibly alleged his personal involvement and met Rule 8's notice pleading requirements).

For a claim to be plausible and to meet the notice requirements of Rule 8, the complaint must explain each defendant's allegedly wrongful actions. *See Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013) ("The Rules of Civil Procedure set up a system of notice pleading. Each defendant is entitled to know what he or she did that is asserted to be wrongful.") Because each defendant must be put on notice regarding the scope of the claims against it, "[a] complaint based on a theory of collective responsibility

9

must be dismissed." *Id.*; *see also*, *Brooks v. Ross*, 578 F.3d 574, 582 (7th Cir. 2009). However, a "[p]laintiff need not extensively elaborate on the details of each individual defendant to comply with Rule 8." *Acantha LLC v. Depuy Synthes Sales, Inc.*, No. 15-CV-1257, 2016 WL 8201781, at *2 (E.D. Wis. July 28, 2016). Where the actions of "multiple defendants [are] so intertwined that no one from the outside could possibly separate the different subsidiaries' alleged [mis]conduct," a complaint can comply with Rule 8's notice pleading requirements without detailing each defendant's behavior. *Id.*

## B. Discussion

While a plaintiff cannot base its claims on a theory of collective responsibility, *Knight*, 725 F.3d at 818, the Complaint here does not necessarily fail to meet the notice pleading requirements of Rule 8 merely because it refers to Defendants collectively. Heartland plausibly claims that each of the Defendants participated in infringing activity and are each responsible for infringing on the Splenda Trademarks through the same intertwined actions. Specifically, Heartland's Complaint alleges that DineEquity packaged Non-Splenda Sweetener in yellow packets similar to Splenda® and, along with the other Defendants, distributed the Non-Splenda Sweetener packets to Applebee's and IHOP customers. Dkt. No. 1, ¶¶ 37, 46, 52, 61, 69. The Complaint further asserts that Franchisor Defendants maintained "significant control" over their franchisee Applebee's and IHOP restaurants that were misrepresenting Non-Splenda Sweetener as genuine Splenda® to their customer. Dkt. No. 1, ¶¶ 11-16. As such, the factual allegations in the Complaint are sufficient to meet Rule 8's notice requirements. *See Acantha,* 2016 WL 8201781, at *2 (determining that a complaint alleging patent infringement provided sufficient notice to

multiple defendants working in concert to bring allegedly infringing medical devices to market despite referring to them collectively because "[t]here is no mystery as to what Plaintiff claims Defendants did, and Defendants can readily identify the nature of the case"); *see also*, *Starks v. City of Waukegan*, 946 F. Supp. 2d 780, 787 (N.D. Ill. 2013) (finding that collective references to defendants are sufficient where a complaint clearly communicates each individual defendant's alleged misconduct). Although Defendants argue that Franchisor Defendants cannot be held vicariously or contributorily liable for trademark infringement based on the facts alleged, the Complaint presents a theory averring that these Defendants are each directly liable for infringement. This theory is plausible based on the control each allegedly exerted over their franchisee restaurants and does not rely solely on indirect liability in stating any of its claims. Whether any of the Defendants did or did not engage in infringing activity will emerge, we trust, through the discovery process. *See Acantha*, 2016 WL 8201781 at *2. Thus, despite its collective references to all of the Defendants, Heartland's Complaint satisfies Rule 8's notice pleading requirements.

## Conclusion

For the reasons detailed above, we <u>DENY</u> Defendants' Motion to Dismiss. Dkt. No. 15.

IT IS SO ORDERED.

Date: 1/18/2018

*Sarah Evans Barker* (signature)

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution: To counsel of record via CM/ECF.