| | | |
|---|---|---|
| HEARTLAND CONSUMER PRODUCTS LLC, | ) | |
| TC HEARTLAND LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-01035-SEB-TAB |
| | ) | |
| DINEEQUITY, INC., | ) | |
| APPLEBEES SERVICES, INC., | ) | |
| IHOP FRANCHISING LLC, | ) | |
| INTERNATIONAL HOUSE OF PANCAKES, | ) | |
| LLC, | ) | |
| IHOP FRANCHISOR LLC, | ) | |
| APPLEBEES FRANCHISOR LLC, | ) | |
| APPLEBEES RESTAURANTS LLC, | ) | |
| APPLEBEE'S INTERNATIONAL, INC., | ) | |
| IHOP RESTAURANTS LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ON DOCUMENTS REVIEWED *IN CAMERA*

Plaintiffs filed a motion to compel production of certain emails Defendants withheld as

privileged.  [Filing No. 76.]  The Court partially resolved this issue in an earlier order [Filing No.

94], but ordered Defendants to submit nine of the contested emails for *in camera* review because

the privilege log did not make the attorney's roll in the communication clear.  The privilege log

listed the only attorney involved in the "CC" column, as opposed to the "To" or "From"

columns, calling into question whether the emails sought legal advice from the attorney.

For a communication to be protected by attorney-client privilege, the communication

must have been made "(1) in confidence; (2) in connection with the provision of legal services;

(3) to an attorney; and (4) in the context of an attorney-client relationship." *U.S. v. BDO*

*Seidman, LLP*, 492 F.3d 806, 815 (7th Cir. 2007).  The attorney being in the CC, rather than To

or From, column is not prima facie evidence that the email is not privileged.  *See*, *e.g.*, *Bartholomew v. Avalon Capital Grp, Inc.*, 278 F.R.D. 441, 448 (D. Minn. 2011).  Rather, the deciding issue is whether the communications sought legal advice from a lawyer. *See*, *e.g. Carr v. Fed. Bureau of Prisons*, 2:14-CV-00001-WTL-MJD, 2017 WL 2957972, at *4 (S.D. Ind. July 10, 2017); *McCullough v. Fraternal Order of Police, Chicago Lodge 7*, 304 F.R.D. 232, 237 (N.D. Ill. 2014); *Hamdan v. Ind. U. Health N., LLC*, 1:13-CV-00195-WTL-MJD, 2014 WL 2881551, at *5 (S.D. Ind. June 24, 2014); *Bartholomew*, 278 F.R.D. at 448; *Eden Isle Marina, Inc. v. United States*, 89 Fed. Cl. 480, 517 (2009); *Steele v. Lincoln Fin. Grp.*, No. 05 C 7163, 2007 WL 1052495, at *2 (N.D. Ill. Apr. 3, 2007); *Bell Microproducts, Inc. v. Relational Funding Corp.*, No. 02 C 329, 2002 WL 31133195, at *1-2 (N.D. Ill. Sept. 25, 2002); *Cont'l Ill. Nat. Bank & Tr. Co. of Chicago v. Indm. Ins. Co. of N. Am.*, No. 87 C 8439, 1989 WL 135203, at *3 (N.D. Ill. Nov. 1, 1989).

Having reviewed the emails, the Court finds as follows:

Doc. ID 552 was properly withheld as privileged.  Attorney Christine Son asked a DineEquity employee some questions.  The employee relayed those questions to the sender of the email, the sender answered the questions.  The answers were directed to Son, even though she was only listed in the CC field.

Doc. IDs 693 and 830 were properly withheld as privileged.  Both are the same email chain, except Doc. ID 830 has one additional response.  The final emails in the chain were to confirm the naming convention established in the previous emails in the chain.  Though not directed solely to attorney Marilyn Wade, the parties to the email were all involved in the earlier discussion with Wade, and the final emails merely confirmed everyone's understanding.

Doc. IDs 780 and 1110 are not entirely privileged. Both are the same email chain, except Doc. ID 1110 has one additional response. The emails on January 14, 2013, and earlier are privileged as they were to and from an attorney and concerned legal issues regarding a licensing agreement.[1] However, the email sent at 12:45 p.m. on January 22 merely asked whether they had received the agreement from Domino. The email was not a solicitation of legal advice, and it was not directed to an attorney. The responding email, sent at 1:18 p.m. on January 22, said that the legal department would be better able to answer the question, but she did not think that the legal department had received the agreement. Thus, these two emails are not covered by attorney-client privilege and must be produced.

Doc. IDs 789 and 1088 are privileged and need not be produced. In Doc. ID 789, Jay Johns discussed his understanding of a conversation he had with Son regarding the contents of an indemnity agreement and how it affected a labeling decision, and Johns suggested a change based on his understanding of Son's advice. Doc. ID 1088 responded to Doc. ID 789 by disagreeing with Johns' understanding and explained an alternative understanding, which necessarily implicates legal advice. The email also indicated that the legal department was working on the issue and suggested waiting for more definitive guidance from the legal department before making a decision. Doc. ID 1011 is not privileged because the sender simply responded to Doc. ID 789 by thanking Johns for his involvement. This one-sentence response must be produced.

Doc. ID 1035 was properly withheld. Son's legal assistant sent an email on her behalf informing the recipients that Son wanted them to review the attachment to the email.

---

[1] The earliest two emails in the chain are not privileged, but they have already been produced.

Therefore, the Court grants in part Plaintiffs' motion to compel. [Filing No. 76.] Defendants must produce the January 22, 2013, emails sent at 12:45 p.m. and 1:18 p.m. that are contained in Doc. IDs 780 and 1110. Defendants also must produce the one-sentence responsive email contained in Doc. ID 1011. Both productions must be made within seven days of this order. However, Defendants need not produce Doc. IDs. 552, 693, 789, 830, 1035, or 1088.

Date: 8/14/2018

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana


Distribution: All ECF-registered counsel of record by email.